# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOHN E. MIKELL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BAXTER HEALTHCARE CORPORATION, a corporation, CEDARS SINAI MEDICAL CENTER, a California corporation; and DOES 1-50,<br><br>    Defendants. | Case No.: 2:13-cv-07611-MMM-PJW<br><br>Complaint filed August 22, 2013<br>Trial Date: November 18, 2014<br><br>**STIPULATION GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** AND ORDER  PJW<br>**[DISCOVERY MATTER]**<br><br>[~~FILED CONCURRENTLY WITH~~]<br>[~~PROPOSED~~] ORDER<br>SEE COURT'S CHANGES at pp. 4, 5, & 7 |

  Plaintiff John E. Mikell (hereinafter "Plaintiff") and Defendant Baxter Healthcare Corporation ("BHC") (hereinafter "Defendant") (collectively "the parties") hereby respectfully stipulate and move for an Order to provide protection for certain confidential material, as defined in paragraph 2 below ("Confidential Material") which may be communicated through oral testimony ("Testimony") or documents produced during discovery ("Documents"), based upon the following stipulation by the parties:

///
///

**IT IS, THEREFORE, STIPULATED:**

1. That this Stipulation shall govern the Confidential Material in the possession of any party in this case and produced through either Testimony or Documents. It shall also govern all information derived therefrom, and all copies, excerpts, or summaries thereof.

2. The Producing Party may designate any document, information or thing it produces to any other party in this case as "CONFIDENTIAL" information. "CONFIDENTIAL" information designated by the parties in the manner specified in Paragraph 7 may include, for example, information the protection of which is necessary to safeguard the competitive process, including trade secrets, and other proprietary information including, but not limited to, financial and tax records or analyses; documents relating to the conduct of the Producing Party's business, such as that concerning clients, customers, vendors, patients and employees, accounting and pricing information and computer and information systems; business plans, profit margins, projections, or analyses; documents relating to past or contemplated business transactions and products; personnel documents and files; documents relating to compensation, bonuses or benefits; organizational charts; job descriptions; internal policies and procedures; internal investigations, reviews and/or evaluations, design, manufacturing, testing, maintenance and/or service and distribution information, Plaintiff's medical records, and/or any other information believed to be confidential. CONFIDENTIAL information specifically includes information, photographs, videotapes and any and other information of any kind, derived and/or obtained from and any all inspections of Defendant's premises, including the products and equipment in their control. CONFIDENTIAL information may be included in any document, information or testimony which is revealed or produced in any manner in any formal or informal discovery response (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests to

admit, or otherwise), as well as all information contained therein or derived therefrom, including materials which quote or summarize the CONFIDENTIAL information, whether from parties or third parties, and which is designated CONFIDENTIAL as prescribed in Paragraph 7. Once any document, information or thing is designated as CONFIDENTIAL information, no other party shall disclose to anyone else such document, information or thing, or its contents or a summary of its contents, without the express written agreement of the Producing Party or a court Order after notice and a hearing, or pursuant to the terms of this Confidentiality Stipulation.

3. The Confidential Material shall be used solely for the purpose of this case and *Mon Bill Hom v. Baxter Healthcare* and not for any other litigation or other purposes.

4. The Confidential Material shall not be disclosed to any person, corporation, partnership, association, or other legal entity whatsoever except as specifically Ordered by the Court or any subsequent amendment to this Stipulation.

5. No person, other than the parties, including BHC's witnesses, the Court, counsel of record, and their staff shall be allowed to examine, study, or even see any of the Confidential Material until each such person has complied with the provisions of paragraph 6 of this Stipulation.

6. Other than those persons specifically identified in paragraph 5 of this Stipulation, the only persons who may be provided access to the Confidential Material are expert witnesses and consultants of the parties in connection with this litigation. Prior to providing access to the Confidential Material to any such persons, the attorney intending to provide access shall:

    a. Provide the individual with a copy of this Stipulation; and,

    b. Have the individual to receive access to the Confidential Material sign a copy of Exhibit A to this Stipulation evidencing the fact that the individual has read and understands the Order

1    and, by signing Exhibit A, subjects himself or herself to the
2    jurisdiction of this court for the purposes of enforcing this
3    Stipulation; and,
4         c.    Maintain such signed copy.
5    7.   Prior to production for inspection and copying, the producing party shall mark each document which it desires to be afforded protection under this Stipulation. All Documents and each page thereof shall be numbered. The document shall also contain the separate marking of "confidential" or another comparable marking clearly designating the document as subject to this Stipulation. Each copy of this material shall retain the producing party's confidential marking. This material shall be copied only by attorneys working in this case or by their employees or persons employed to assist attorneys, working under the direct supervision of the attorneys, and who are subject to this Stipulation by virtue of compliance with paragraph 6. Distribution and copying shall be kept to an absolute minimum. The control, distribution, and retrieval of such copies shall be the responsibility of the attorneys to whom production is made.

8.   At such time as it appears that any Testimony given in this matter is subject to this Stipulation, counsel for the deponent, witness, or any other party shall communicate same to all counsel of record in order that such steps may be taken to comply with this Stipulation.

9.   This Stipulation shall not limit or affect any existing right of a producing party to disclose discovery materials produced by that party or otherwise to remove material from "confidential" status.

10.  The designation of "confidential" by the producing party shall not prevent any other party from contesting the designation of any material by written motion filed with the Court. However, the contested material shall be treated as confidential and shall remain subject to the provisions of this Stipulation until such

*[handwritten:]* Local Rule 79-5 governs under seal filings. PJW

time as the Court, after hearing from both sides, specifically rules otherwise.

11. No Confidential Material shall be revealed in any document filed with the Court. Any pleading, motion, deposition transcript, or other paper filed with the Court disclosing any Confidential Material shall be filed under seal and kept under seal until further Order of this Court.

12. During the course of the discovery, production of material to be treated as confidential pursuant to this Stipulation shall in no way constitute a waiver of any objection to the production or a waiver of any other rights with respect thereto. All such objections and/or rights are hereby reserved unless and until specifically resolved by this Court.

13. Nothing in this Stipulation shall be deemed to limit or waive any right of any party to resist or compel discovery with respect to discovery materials which may be claimed to be confidential, privileged, work product, proprietary, trade secret or otherwise protected or protectable under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nothing contained in this Stipulation shall be deemed to preclude any party at any time from seeking and obtaining from the court, on appropriate showing, additional protection pursuant to the Federal Rules of Civil Procedure, including an Order that material should not be produced at all.

14. All material produced pursuant to this Stipulation, copies of such material, summaries, excerpts, all notes arising from the examination of such material or use of such material at trial, the log of copies required by paragraph 7, and any other Documents created in the course of this litigation pertaining to or based upon such material, shall be deemed confidential, shall be governed by the terms of this Stipulation, and shall be returned to the producing party or destroyed by counsel for the party or parties to whom it was produced within 30 days following the conclusion of the final proceedings in this action. A certification of destruction shall be provided to the producing party.

15. No person who examines any of the material produced pursuant to this Stipulation shall disseminate orally, in writing, or by any other means any information whatsoever contained therein to any person not also authorized to examine materials under the terms of this Stipulation.

16. Any disputes concerning the application of any provisions of this Stipulation shall be heard by the Court upon written application by the aggrieved party.

17. This Stipulation is without prejudice to reconsideration by the Court upon written application by any party during the pendency of these proceedings.

18. This Stipulation shall also apply to all material in the hands of third parties as to which material the claim of privilege, confidentiality, or trade secret has not been waived by the party making the claim. If any such material is sought to be produced at depositions, at trial, or at any other time during these proceedings, the party asserting the protection of this Stipulation shall do it in a timely manner. The material shall then become subject to this Stipulation. Any party to this case may, however, object to any third party production by written notice to the Court pursuant to the terms of this Stipulation.

///
///
///

19. This Stipulation shall apply and be in effect during the conduct of any hearings, trials, or appeals arising from or related to this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 9, 2014    RYAN LAW, A PROFESSIONAL LAW CORP.

By: /s/ Andrew T. Ryan, Esq.
Andrew T. Ryan, Esq.
Ryan Law, A Professional Law Corp.
1901 Avenue of the Stars
2nd Floor
Century City, California 90067

Attorneys for Plaintiff
JOHN E. MIKELL

DATED: May 9, 2014    MORRIS POLICH & PURDY LLP

By: /s/ Robert Hernandez, Esq.
Anthony G. Brazil
Matthew L. Marshall
Robert Hernandez
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017

J. Carter Thompson, Jr., Esq.
(Admitted *pro hac vice*)
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ
4268 I-55 North, Meadowbrook Office Park
Jackson, Mississippi 39211

Attorneys for Defendant
BAXTER HEALTHCARE
CORPORATION

---

This Order does not authorize the parties to file documents under seal. Local Rule 79-5 governs filing under seal.

IT IS SO ORDERED.

Dated: MAY 12, 2014.

/s/ Patrick J. Walsh
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Stipulation in the case of *John E. Mikell v. Baxter Healthcare Corporation*, United States District Court, Central District, Case No. 2:13-cv-07611-MMM-PJW. I agree to comply with and to be bound by all the terms of this Confidentiality Stipulation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Stipulation to any person or entity except in strict compliance with the provisions of this Confidentiality Stipulation. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Confidentiality Stipulation, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Confidentiality Order.

Date: _____ City and State where sworn and signed: _____

_____     _____
Print Name                                             Signature